UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
                                           :

JERRY SMITH and BRENDA SMITH,         :

                                           :

                        Plaintiffs,       :          13-cv-07172-NSR-LMS
       -against-                         :          OPINION & ORDER

                                           :

JAY BRAY, SHELLEY TREVINO, CHRIS     :
HUBBERT, LESLIE MAXWELL, RHONDA     :
MCDONALD, NATIONSTAR MORTGAGE LLC, :
FIRST HORIZON HOME LOANS and BRYAN   :
JORDAN,                                      :

                                           :

                       Defendants,      :
-------------------------------------------------------------- X

NELSON S. ROMÁN, United States District Judge

       Before the Court is a motion to dismiss filed by Nationstar Mortgage LLC ("Nationstar"),

First Horizon Home Loans ("First Horizon"), Jay Bray, Shelley Trevino, Chris Hubbert, Leslie

Maxwell,[1] Rhonda McDonald, and Bryan Jordan (collectively, "Individual Defendants" and,

together with Nationstar and First Horizon, "Defendants").  Defendants move to dismiss

Plaintiffs' Amended Complaint[2] for lack of personal jurisdiction, insufficient service of process,

and failure to state a claim upon which relief may be granted.  Defendants' motion to dismiss is

GRANTED pursuant to Rule 12(b)(5) because Plaintiffs have failed to properly serve any of

Defendants.  The Court need not address Defendants' alternative bases for dismissal.

---

[1]      Leslie Maxwell is not listed in the caption of the Amended Complaint, but is defined as a defendant in the body of the Amended Complaint. (*See* Am. Compl. ¶ 5, ECF No. 25.)

[2]      Defendants moved to dismiss the initial Complaint on April 24, 2014. Instead of opposing that motion, Plaintiffs amended their complaint (*see* Endorsed Motion, ECF No. 23), and Defendants agreed to stand on their original motion to dismiss and supporting memorandum (*see* Minute Entry for July 10, 2014 Conference).  Plaintiffs filed their Amended Complaint on July 10, 2014 (*see* Am. Compl., ECF No. 25), and the Court deemed the April 24, 2014 motion to dismiss as a motion to dismiss the Amended Complaint (*see* Minute Entry for July 10, 2014 Conference).

USDC(Conference).
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11 10 2014

**BACKGROUND**

Plaintiffs, proceeding *pro se*, filed their Verified Complaint in New York Supreme Court, Westchester County, on September 6, 2013, asserting claims relating to the servicing of their home mortgage, including alleged violation of escrow-cushion provisions, conversion of their mortgage payments, and false reporting to credit bureaus.  (*See* Notice of Removal, ECF No. 1.) On the same day, Plaintiffs sent via first-class mail six copies of the summons and complaint to Nationstar's Texas address for Nationstar, Chris Hubbert, Shelley Trevino, Rhonda McDonald, Leslie Maxwell and Jay Bray, and two copies to First Horizon's Texas address for First Horizon and Bryan Jordan.  (*See* Pls.' Opp. Defs.' Mot. Dismiss ¶ 2, ECF No. 30.)   Defendants removed the action to this Court on October 10, 2013 (*see* Notice of Removal, ECF No. 1.), and by letter dated October 24, 2013, requested a premotion conference concerning their anticipated motion to dismiss for, *inter alia*, insufficient service of process (*see* Letter from Constantine Pourakis to Judge Román, Oct. 24, 2013, ECF No. 3).  Before the premotion conference, on November 4, Plaintiffs again mailed the summons and complaint to the same recipients as on September 6, this time by certified mail.  (*See* Letter from Plaintiffs to Judge Román, Nov. 7, 2013, ECF No. 9.)  It appears that in the November 4 mailings (and possibly also in the September 6 mailings[3]), Plaintiffs included forms entitled "Statement of Service by Mail and Acknowledgment of Receipt by mail of Summon [*sic*] and Complaint."  (*See id.* at 26-34.)

The premotion conference for Defendants' motion to dismiss was held before this Court on November 22, 2013.  At the conference, the Court informed Plaintiffs that merely mailing the summons and complaint is not the same as serving Defendants under the rules, and set a briefing

---

[3] The record is unclear as to whether Plaintiffs mailed these forms at all, and if so, whether Plaintiffs mailed them on both September 6 and November 4.  For the reasons explained *infra*, even assuming that Plaintiffs mailed the forms on both dates, service would still have been insufficient.

schedule for Defendants' motion to dismiss.  Plaintiffs took no further steps after the conference

to cure the service deficiencies.

## DISCUSSION

"Before a federal court may exercise personal jurisdiction over a defendant, the

procedural requirement of service of summons must be satisfied."  *Dynegy Midstream Servs. v.*

*Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (internal quotation marks omitted).  Plaintiff bears

the burden of proving adequate service, *Hood v. Ascent Med. Corp.*, No. 13 CIV. 628, 2014 WL

5089559, at *2 (S.D.N.Y. Oct. 9, 2014); *accord Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir.

2010) (summary order), and conclusory allegations that a defendant was properly served do not

satisfy this burden, *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must

look to matters outside the complaint to determine whether it has jurisdiction.  *Darden v.*

*DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

As an initial matter, Plaintiffs allude in their papers to the argument that Defendants

waived the defense of insufficient service of process by removing the action to federal court.

"Courts and commentators agree that merely by removing a case from state to federal court a

party does not waive any of its defenses under Rule 12(b), including a motion to dismiss for

improper service."  *Gay v. Carlson*, No. 89 CIV. 4757 (KMW), 1991 WL 190584, at *5

(S.D.N.Y. Sept. 17, 1991), *aff'd*, 60 F.3d 83 (2d Cir. 1995); *see also Holzsager v. Valley Hosp.*,

646 F.2d 792, 796 (2d Cir. 1981).   Defendants have not waived the defense because they

asserted it in their very first submission in response to the Complaint.

**A. Service upon Individual Defendants Was Defective**

Rule 4(e) of the Federal Rules of Civil Procedure states that service upon an individual

within a judicial district of the United States may be completed by:

> (1) following state law for serving a summons in an action brought in courts of
> general jurisdiction in the state where the district court is located or where service
> is made; or
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual
>> personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of
>> abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by
>> law to receive service of process.

Fed. R. Civ. P. 4(e).  The applicable state law permits the following methods of service:

> 1. by delivering the summons within the state to the person to be served; or
> 2. by delivering the summons within the state to a person of suitable age and
> discretion at the actual place of business, dwelling place or usual place of abode of
> the person to be served and by either mailing the summons to the person to be
> served at his or her last known residence or by mailing the summons by first class
> mail to the person to be served at his or her actual place of business . . . , such
> delivery and mailing to be effected within twenty days of each other . . . ; or
> 3. by delivering the summons within the state to the agent for service of the person
> to be served as designated under rule 318 . . . ; [or]
> 4. where service under paragraphs one and two cannot be made with due diligence,
> by affixing the summons to the door of either the actual place of business, dwelling
> place or usual place of abode within the state of the person to be served and by
> either mailing the summons to such person at his or her last known residence or by
> mailing the summons by first class mail to the person to be served at his or her
> actual place of business . . . , such affixing and mailing to be effected within twenty
> days of each other . . . ; [or]
> 5. in such manner as the court, upon motion without notice, directs, if service is
> impracticable under paragraphs one, two and four of this section.

N.Y. C.P.L.R. 308.  Alternatively, New York law permits service by mail:

> As an alternative to the methods of personal service authorized by section
> . . . 308 . . . , a summons and complaint . . . may be served by the plaintiff or any
> other person by mailing to the person or entity to be served, by first class mail,
> postage prepaid, a copy of the summons and complaint . . . , together with two
> copies of a statement of service by mail and acknowledgement of receipt in the
> form set forth in subdivision (d) of this section, with a return envelope, postage
> prepaid, addressed to the sender.

4

N.Y. C.P.L.R. 312-a(a).

Even construing the record favorably to Plaintiffs, Plaintiffs' efforts at service were insufficient. On September 6, 2013 and then again on November 4, 2013, Plaintiffs mailed process for each Individual Defendant to his or her respective employer—either First Horizon or Nationstar. (*See* Statement of Service by Mail, ECF No. 9, at 26-34; Affidavit of Service, ECF No. 10, at 5; *see also* Summons, ECF No. 1, at Ex. 2.) Plaintiffs did not take the additional steps required by N.Y. C.P.L.R. 308—i.e., (i) delivering the summons to a person of suitable age and discretion located at Individual Defendants' actual place of business ("leave and mail"), or, if that was impracticable, (ii) affixing the summons to the door of Individual Defendants' actual place of business, dwelling, or usual place of abode ("nail and mail").

Nor did Plaintiffs satisfy N.Y. C.P.L.R. 312-a for alternative service by mail. By a letter to the Court filed on November 7, 2014, Plaintiffs submitted blank forms entitled "Statement of Service by Mail and Acknowledgment of Receipt by mail of Summon [*sic*] and Complaint" (*see* Statement of Service by Mail, ECF No. 9, at 26-34), which roughly conform to parts of N.Y. C.P.L.R. 312-a(d). But service under N.Y. C.P.L.R. 312-a is complete only if and when a defendant *signs and returns* the acknowledgment of receipt. N.Y. C.P.L.R. 312-a(b)(1). The blank, unsigned forms do not prove that Plaintiffs complied with N.Y. C.P.L.R. 312-a. To the contrary, they demonstrate precisely the opposite—that Plaintiffs either did not mail out the forms or never received signed acknowledgments from Defendants. As such, service under N.Y. C.P.L.R. 312-a was never complete. Having received no signed acknowledgments, Plaintiffs were required to serve Individual Defendants by other means, *see id.* at 312-a(e)-(f), which they did not do. Moreover, the forms are addressed to Individual Defendants' employers, not to

Individual Defendants, which is another independent basis to find the mailings insufficient under N.Y. C.P.L.R. 312-a.[4]

### B. Service upon Nationstar and First Horizon Was Deficient

Rule 4(h)(1) of the Federal Rules of Civil Procedure provides that service of process may be made upon a corporation or partnership located in a U.S. judicial district:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1).

The applicable state law for Nationstar, a limited liability company, is N.Y. C.P.L.R. 311-a, which permits service (i) by personal delivery to a member, manager, or agent, (ii) by service upon the New York Secretary of State, or (iii) as directed by the court. N.Y. C.P.L.R. 311-a. The applicable state law for First Horizon, a corporation, is N.Y. C.P.L.R. 311, which permits service (i) by personal delivery to an officer, director, agent, or cashier, (ii) by service upon the New York Secretary of State, coupled with additional mailing of process to the defendant, or (iii) as directed by the court. *Id.* at 311(a)(1). Plaintiffs mailed copies of the summons and complaint to Nationstar and First Horizon. This is insufficient. Plaintiffs had to deliver process personally to an officer, director, agent or cashier of First Horizon and a member, manager, or agent of Nationstar, or serve the Secretary of State, which they did not do.

---

[4] Service here was insufficient even if, as Plaintiffs contend, Nationstar was Defendants' point of contact. That does not classify Nationstar as an agent of service for Individual Defendants. *See* N.Y. C.P.L.R. 308(3), 318 (providing that service upon a designated agent is available only if a written designation is filed in the county clerk's office that is executed and acknowledged in the same manner as a deed and includes a written endorsement of the agent's consent).

### C.  An Extension of Time to Effect Service is Not Warranted

Plaintiffs are not entitled to an extension to effect proper service.  Rule 4(m) of the

Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed,[5] the
> court—on motion or on its own after notice to the plaintiff—must dismiss the
> action without prejudice against that defendant or order that service be made
> within a specified time.  But if the plaintiff shows good cause for the failure, the
> court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Even absent good cause, a district court has discretionary authority to grant

an extension.  *See Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007).  Plaintiffs have not

requested an extension.  But even if they had, an extension is not warranted because (1) Plaintiffs

have not shown good cause for the failure and (2) the relevant factors weigh against granting a

discretionary extension.

#### 1.  *Plaintiffs Have Not Shown Good Cause for the Failure*

Plaintiffs have not shown "good cause" for their failure to properly serve Defendants.

Fed. R. Civ. P. 4(m).  The first and primary factor that courts consider in assessing good cause is

the reason plaintiffs proffer for their failure.  *See Gordon v. Hunt*, 116 F.R.D. 313, 320-21

(S.D.N.Y. 1987).  "[A] plaintiff must demonstrate that despite diligent attempts, service could

not be made due to exceptional circumstances beyond his or her control."  *Spinale v. United

States*, No. 03 Civ. 1704, 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005), *aff'd*, 352 F. App'x

599 (2d Cir. 2009).  Inadvertence, mistake or neglect does not constitute good cause for an

extension.  *Id.*

Plaintiffs offer no explanation for their failure to effect proper service.  Instead, Plaintiffs

make the conclusory assertion that mailing the summons and complaint was legally sufficient.

---

[5] For actions removed from state to federal court, the 120-day period runs from the date of removal.  *Nat'l Union
Fire Ins. Co. of Pitt., Pa. v. Sun*, No. 93 CIV. 7170 (LAP), 1994 WL 463009, at *2 (S.D.N.Y. Aug. 25, 1994).

At most, Plaintiffs' arguments demonstrate failure to understand the applicable provisions of the N.Y. C.P.L.R., which does not constitute good cause, not even for a *pro se* plaintiff. *Conway v. Am. Red Cross*, No. CV-10-1859(SJF)(ARL) (E.D.N.Y. Jan. 26, 2011); *G4 Concept Marketing Inc. v. MasterCard Int'l*, 670 F. Supp. 2d 197, 199 (W.D.N.Y. 2009); *Naglieri v. Valley Stream Cent. High Sch. Dist.*, No. CV 05-1989, 2006 WL 1582144, at *2 (E.D.N.Y. May 26, 2006); *see also Toner v. Suffolk Cnty. Water Auth.*, 220 F.R.D. 20, 21 (E.D.N.Y. 2004) (holding that although the requirements under Rule 4(m) are often lessened for a *pro se* litigant, good cause cannot be found when the plaintiff presents no excuse for the failure to serve). Repeating the same defective method of service on both September 6, 2013 and November 4, 2013 is not evidence of diligence.

The Court might have reached a different conclusion had it not specifically warned Plaintiffs during the November 22, 2013 conference that mailing copies of the summons and complaint is not the same as serving them under the rules. *See Redding v. Essex Crane Rental Corp. of Ala.*, 752 F.2d 1077 (5th Cir. 1985) (affirming dismissal for insufficient service of process, and finding highly relevant the district court's repeated warnings that the case would be dismissed if plaintiffs did not serve defendants). Indeed, Plaintiffs were on notice as early as Defendants' October 24, 2013 premotion letter that their method of service could be deficient and their lawsuit could be dismissed on that basis. Defendants' letter and the Court's warning left Plaintiffs ample time to cure the deficiencies, as the 120-day service period expired months later on February 7, 2014. *See Nat'l Union*, 1994 WL 463009, at *2 (120-day service period runs from date of removal). Plaintiffs chose instead to stand on their original method of service.

Courts assessing good cause also consider (i) whether the plaintiff has moved under Rule 6(b) for an enlargement of time and (ii) the prejudice to the defendants that would result from an

extension.  *See Gordon*, 116 F.R.D. at 320-21.  Plaintiffs have not moved under Rule 6(b) for an enlargement of time, nor have they expressly requested an extension in their opposition papers. This weighs against Plaintiffs.  As to prejudice, although Defendants have not briefed the issue, the Court acknowledges the possibility of prejudice insofar as "extending the service period beyond the statute of limitations period[6] for the action imposes a corresponding prejudice on defendants."  *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013). This, too, weighs against Plaintiffs.

Accordingly, all three factors weigh against a finding of good cause.  The fact that Defendants have actual notice of the action does not alter this conclusion.  "Neither actual notice nor absence of prejudice to the defendant provides an adequate basis for excusing noncompliance with Rule 4(m), unless plaintiff has diligently attempted to complete service." *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 34 (W.D.N.Y. 1996); *see also Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order) ("Nor can actual notice of suit cure a failure to comply with the statutory requirements for serving process."); *McGann v. New York*, 77 F.3d 672, 674-75 (2d Cir. 1996) (affirming dismissal of a *pro se* complaint for failure to comply with Fed. R. Civ. P. 4(c)(2)(C) even though the defendant had actually received the summons and complaint); *Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir. 1978); *Hood*, 2014 WL 5089559, at *2 ("A showing that a defendant had actual notice of the lawsuit is insufficient to defeat a motion to dismiss."); *Delicata v. Bowen*, 116 F.R.D. 564, 566 (S.D.N.Y. 1987) (holding prejudice to the defendant is relevant

---

[6]    It appears that some of Plaintiffs' claims purport to arise from conduct that occurred up to three years ago. While this raises the prospect that some of the applicable statues of limitations may have run or may be nearing their end, the issues have not been briefed, and the Court offers no opinion on whether they have run for the purposes of any future litigation.

only where plaintiff has been diligent in attempting to make service).  Plaintiffs have not shown

good cause for their failure to properly serve Defendants within the service period.

    2.  *A Discretionary Extension is Not Warranted*

    To obtain a discretionary extension absent a showing of good cause, "the plaintiff must

ordinarily advance some colorable excuse for neglect." *Zapata*, 502 F.3d at 198 n.7.  "[C]ourts

balance the justifiable excuses offered by the plaintiff, the length of the delay, and any prejudice

to either party." *Spinale*, 2005 WL 659150, at *3.

    The Court declines to grant a discretionary extension.  As stated previously, Plaintiffs

have been on notice for more than a year that their method of service could be defective and that

their claims could be dismissed on that basis.  Even though dismissal may prejudice some of

Plaintiffs' claims based on applicable statutes of limitations, which is unclear,[7] this factor is not

dispositive, *see In re Teligent Servs., Inc.*, 324 B.R. 467, 474 (Bankr. S.D.N.Y. 2005), *aff'd*, 372

B.R. 594 (S.D.N.Y. 2007) ("[E]xpiration of the statute of limitations does not require a court to

use its discretion to grant an extension of time for service in every time-barred case."); *Sunniland

Fruit Co. v. PMI Produce Corp.*, No. 00 CIV. 8410 (SAS), 2001 WL 761174, at *3 (S.D.N.Y.

July 6, 2001) (dismissing a complaint for insufficient service of process where it was possible

that the statute of limitations had run, though the issue had not been fully briefed); *Nat'l Union*,

1994 WL 463009, at *4 ("For though leniency may sometimes be appropriate for those who have

in good faith attempted timely service, to afford it to litigants who have failed to make even the

most basic efforts would turn Rule 4(m) into a toothless tiger."); *Delicata*, 116 F.R.D. at 566

(dismissing a complaint where the statute of limitations had run); *see also Redding*, 752 F.2d at

1077 (affirming the district court's dismissal for insufficient service of process where the statute

---

[7]    *See supra* note 6.

10

of limitations had run), and cuts both ways, *see Vaher*, 916 F. Supp. 2d at 421.  The Court finds that even in light of the possible prejudice to Plaintiffs, the length of their delay and their lack of a justifiable excuse for failing to properly serve Defendants warrant dismissal of the Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint is GRANTED, and all claims against all Defendants are hereby dismissed in their entirety.  The Court respectfully directs the Clerk to close this case.

Dated:   November /0, 2014                           SO ORDERED:
         White Plains, New York

                                              _____
                                                   NELSON S. ROMÁN
                                               United States District Judge

11